DSG

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1721 | **DATE** | 9/10/2002 |
| **CASE TITLE** | MICHAEL BLACK vs. E. RODRIGUEZ | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on the section 1983 claim for false arrest that plaintiff, Michael Black asserts against Officer Rodriguez, who is entitled to judgment as matter of law. Accordingly, Officer Rodriguez's motion for summary judgment on that claim is granted. The Court declines to exercise its supplemental jurisdiction over the state-law claims plaintiff asserts against both defendants, which are dismissed without prejudice to refiling in state court. This is a final and appealable order. Ruling date of 9/17/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 1 2002 | |
| | Notified counsel by telephone. | | date docketed | 50 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 1 1 2002

| | | |
|---|---|---|
| MICHAEL BLACK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 01 C 1721<br>Paul E. Plunkett, Senior Judge |
| E. RODRIGUEZ, Star No. 13237, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael Black has sued Officer Rodriguez for falsely arresting him in violation of the Fourth Amendment and maliciously prosecuting him in violation of state law and seeks to hold his employer, the City of Chicago, liable for any judgment rendered against him.[1] Defendants have filed a Federal Rule of Civil Procedure 56(c) motion for summary judgment on all of plaintiff's claims. For the reasons set forth below, the motion is granted as to the federal claim and the Court declines to exercise its supplemental jurisdiction over the state-law claims, which are dismissed without prejudice to refiling in state court.

## Facts[2]

On September 18, 2000, Officer Rodriguez and others investigated what appeared to be a hit and run accident in front of Las Islas Marias restaurant at 4770 West Grand. (Pl.'s LR 56.1(b)(3)(A)

---

[1] A third defendant, Officer Delderfield, was dismissed from the suit in October 2001. (See 10/24/01 Min. Order.)

[2] Unless otherwise noted, the following facts are undisputed.



Stmt. ¶¶ 4-14.) A witness to the accident said that the victim had been hanging onto the back of a car as it came out of the restaurant's parking lot. (Id. ¶ 15.) The victim's wife told the police that the victim had had an argument with someone inside the restaurant, the argument continued in the parking lot and, when the offender drove off, the victim jumped on the hood of the car. (Id. ¶¶ 24, 26.) The victim's wife also said that the argument was about money and that the victim said he had been "ripped off." (Id. ¶¶ 25.) Though the restaurant appeared to be closed, the victim's wife said that other witnesses might be inside. (Id. ¶¶ 27, 29.)

The officers knocked on the back door of the restaurant, which was opened by the cook, Eduardo Garcia. (Id. ¶¶ 54-55.) The interior of the restaurant was dark, so the officers used their flashlights to look around. (Id. ¶¶ 58-59.) The officers found plaintiff and another man, Van Burn Flowers, at one of the tables and two clear plastic bags of white powder, each weighing about ten pounds, under it. (Id. ¶¶ 61-62, 64.)[3] All of the officers on the scene thought that the powder in the bags was cocaine or another controlled substance, so they arrested both men. (Id. ¶ 86; Defs.' LR 56.1(a) Stmt., Ex. S, 9/19/00 Police Report.) Plaintiff, Mr. Flowers, Mr. Garcia and a fourth unidentified person were the only civilians in the restaurant. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 68.)

Subsequently, the officers requested a K-9 unit to search for more drugs. (Id. ¶ 96; Defs.' LR 56.1(a) Stmt., Ex. S, 9/19/00 Police Report.) The K-9 unit dog performed a search on two cars in the restaurant's parking lot, one of which was a Mercedes. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 32-34, 102.) No drugs were found inside the cars, but the dog picked up the scent of drugs on the Mercedes and the officers found twenty-nine live rounds of 9mm ammunition inside of it. (Id. ¶¶

---

[3]Plaintiff denies the facts asserted in paragraph sixty-one, but his denial does not controvert the substance of those facts.

103-04, 121.)[4] Plaintiff, who had a key to the car, told the officers that the Mercedes was his. (Id. ¶¶ 118, 120.)[5]

The officers charged plaintiff with possession of a controlled substance with intent to deliver and possession of ammunition without a Firearm Owner's Identification ("FOID") Card. (Id. ¶ 129.) Ultimately, the drug charge against plaintiff was dismissed because the powder seized by the police was determined not to be a controlled substance. (Id. ¶ 138.)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

---

[4]Plaintiff objects, on hearsay grounds, to defendants' use of a police report as support for the fact that ammunition was found in the Mercedes. The report is hearsay, but that does not mean it must be excluded. Evidence submitted on a summary judgment motion must be admissible in substance, not form. See Waldridge v. American Hoechst Corp., 24 F.3d 918, 921 (7th Cir. 1994). Because the officer who discovered the ammunition could testify to that fact at trial, the ammunition statement is admissible in substance. Accordingly, we may consider the portion of the police report that recounts the search of the Mercedes in connection with this motion.

[5]Plaintiff denies these fact statements without any citation to the record. He is, therefore, deemed to have admitted them. See LR 56.1.

**The Federal Claim**

To prevail on his section 1983 claim, plaintiff must establish that Officer Rodriguez, while acting under color of state law, deprived him of his Fourth Amendment right to be free from unlawful arrest. Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996). If, however, Officer Rodriguez had probable cause to arrest, the section 1983 claim for false arrest is barred. Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989). Probable cause is a "practical, nontechnical conception" that requires an "evaluation of the totality of the circumstances." United States v. Rucker, 138 F.3d 697, 700 (7th Cir. 1998) (internal quotation marks and citations omitted). "[P]olice officers have probable cause to make a warrantless arrest when they have trustworthy information sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." Id.

Plaintiff was arrested for knowingly possessing a controlled or counterfeit substance with the intent to deliver, 720 ILL. COMP. STAT. 570/401, as amended by, 2002 ILL. LEGIS. SERV. 92-698. "Possession may be either actual or constructive; actual possession is established by proof that the defendant exercised some sort of present personal dominion over the substance, such as concealing or attempting to dispose of it, whereas constructive possession requires a showing that he had both the intent and capability to maintain control over the substance." People v. Brown, 661 N.E.2d 533, 539 (Ill. App. Ct. 1996) (citations omitted).

Viewed favorably to plaintiff, the record establishes that Officer Rodriguez had probable cause to arrest him on the drug charge. It is undisputed that Officer Rodriguez had the following information before arresting plaintiff: (1) a man had been injured in a car accident; (2) the victim told his wife he had been "ripped off" by someone in the restaurant; (3) the victim's wife thought

-4-

there were witnesses in the restaurant; (4) plaintiff and Mr. Flowers were found sitting in the dark, in the apparently closed restaurant; (5) two bags of white powder that the officers, based on their experience and training, believed were illegal drugs, were found under the table where plaintiff was sitting; and (6) plaintiff, Mr. Flowers, the restaurant cook and one other person were the only civilians in the restaurant. Faced with those facts, any reasonable police officer would have believed that plaintiff had committed the crime of possessing a controlled substance with the intent to deliver. Thus, Officer Rodriguez had probable cause to arrest plaintiff for that crime. See People v. Pittman, 575 N.E.2d 967, 968-70 (Ill. App. Ct. 1991) (police had probable cause to arrest eight people for possession of marijuana because they were all near a coffee table on which marijuana was found, though none of them was holding the marijuana or owned the house in which it was found).

Plaintiff was also charged with possessing ammunition without a FOID card. See 430 ILL. COMP. STAT. 65/2(a)(2). Given the undisputed facts in the record, Officer Rodriguez had probable cause to arrest plaintiff for that crime as well. It is undisputed that: (1) the police searched a car in the restaurant parking lot that plaintiff said he owned and to which he had a key; (2) they found twenty-nine live rounds of ammunition in the car; and (3) plaintiff was unable to produce a FOID card. Given that information, a reasonable police officer would have believed that plaintiff had committed the crime of possessing ammunition without a FOID card.

Contrary to plaintiff's belief, defense expert Robert Johnson's testimony does not dictate a different result. Though Mr. Johnson opined that probable cause would be lacking if plaintiff's version of events were true, (see Pl.'s Mem. Resp. Defs.' Mot. Summ. J., Ex. 1, Johnson Dep. at 16), his opinion is irrelevant. When, as here, a probable cause determination is made solely on undisputed facts, it is a question of law for the Court. Cervantes v. Jones, 188 F.3d 805, 811 (7th Cir.

1999). Thus, it is the Court's view of probable cause, not Mr. Johnson's, that is controlling in this case.

In short, the record establishes that Officer Rodriguez had probable cause to arrest plaintiff both for possession of illegal drugs and possession of ammunition without a FOID card. Because the existence of probable cause bars any claim for false arrest, plaintiff's section 1983 claim must be dismissed.

## The State Claims

Having disposed of the only federal claim in this suit, the Court declines to exercise its supplemental jurisdiction over the state-law claims plaintiff asserts. See 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice to refiling in state court.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on the section 1983 claim for false arrest that plaintiff asserts against Officer Rodriguez, who is entitled to judgment as matter of law. Accordingly, Officer Rodriguez's motion for summary judgment on that claim is granted. The Court declines to exercise its supplemental jurisdiction over the state-law claims plaintiff asserts against both defendants, which are dismissed without prejudice to refiling in state court. This is a final and appealable order.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 9-10-02